IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | C O M P L A I N T |
| AUTOZONE, INC. | ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Lakindal Smith, Robyn McEuen, and Cherrelle Willet, who were adversely affected by such practices. As alleged with greater particularity in paragraphs 10 and 12 below, the Commission alleges that Defendant AutoZone subjected Ms. Smith, Ms. McEuen, and Ms. Willett to sexual harassment.

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to §706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.  §2000e-5(f)(1) and (3) and ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for Western District of Tennessee, Western Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by §706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant AutoZone, Inc. (Defendant Employer or AutoZone) has continuously been a Nevada corporation doing business as AutoZone in the State of Tennessee and the City of Memphis and has continuously had at least 15 employees.

5. At all relevant times, AutoZone has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than 30 days prior to the institution of this lawsuit, Ms. Smith filed a charge with the Commission alleging violations of Title VII by AutoZone.

7. The Commission found reasonable cause to believe the charge was true and endeavored to eliminate the discriminatory practice(s) through informal methods of conference, conciliation, and persuasion, but was unable to secure a conciliation agreement acceptable to the Commission.

8. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Since at least August 2012, AutoZone has engaged in unlawful employment practices at its Cordova, Tennessee store, in violation of §703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

10. The unlawful employment practices involved subjecting Ms. Smith to unwelcome sexual harassment because of her sex, female.

    a. AutoZone hired Ms. Smith as a Parts Sales Manager on or about July 8, 2011.

    b. Ms. Smith worked out of the Cordova, Tennessee store.

    c. Around August 2012, Store Manager Gustavus B. Townsel transferred to the Cordova store.

    d. Store Manager Townsel managed the store and supervised Ms. Smith and other employees.

    e. Within a short time after his transfer, Townsel began making lewd and obscene comments of a sexual nature to Ms. Smith.

    f. Among other things, Store Manager Townsel told Ms. Smith that "you know I want that pussy."

    g. Mr. Townsel asked Ms. Smith, "when are you going to let me get that," and told her "When I get it I'm gonna beat it up. You need to let me get that pussy before I get married."

    h. Mr. Townsel stated that he was going to schedule Ms. Smith and him for 5:15 a.m. and told her that "I'm going to take you in the bathroom and wear that pussy out, you down."

    i. Mr. Townsel told Ms. Smith that "you need to stop playing and let me rub that pussy."

    j. Mr. Townsel asked Ms. Smith "when are you going to stop running and give it to me."

k. On or around August 17, 2012, Store Manager Townsel grabbed Ms. Smith around the waist and pulled her toward him from behind so that her rear end pressed against his penis.

l. On or around September 25, 2012, Store Manager Townsel grabbed Ms. Smith in her genital area.

m. Ms. Smith pushed Mr. Townsel away.

n. Mr. Townsel responded that Ms. Smith "need to stop playing and let me rub that pussy."

o. On or around September 27, 2012, Store Manager Townsel rubbed his hand down Ms. Smith's back and said that "I'm not going to be your boss anymore so I can really get that pussy now."

p. Ms. Smith repeatedly told Mr. Townsel to stop making these comments.

q. The unwelcome sexual harassment was sufficiently severe or pervasive to alter the terms and conditions of Ms. Smith's employment by creating a sexually hostile work environment.

r. Ms. Smith complained to the District Manager around October 2012.

s. The District Manager never responded to Ms. Smith's complaint.

t. After Ms. Smith did not receive a response from the District Manager, she complained to AutoZone's Human Resources Office on or about November 5, 2012.

u. AutoZone failed to take prompt and appropriate remedial measures to protect Ms. Smith from sexual harassment.

   v. AutoZone removed Store Manager Townsel from the store around November 18, 2012.

11. The effect of the practices complained of in paragraph 10 has been to deprive Ms. Smith of equal employment opportunities and to otherwise adversely affect her employment because of her sex, female.

12. Store Manager Townsel also subjected other females, including Ms. McEuen and Ms. Willett, to a sexually hostile work environment.

  a. Ms. McEuen worked with Store Manager Townsel for about six to eight months.

  b. During that time period, Store Manager Townsel made numerous lewd and obscene comments of a sexual nature to Ms. McEuen.

  c. For example, Store Manager Townsel told Ms. McEuen that he wanted to "lick her all over" and made a licking sound.

  d. Ms. McEuen heard Store Manager Townsel tell Ms. Smith that his wife was out of town and to "let me hit it."

  e. Ms. McEuen also saw Store Manager Townsel try to corner Ms. Smith in the back of the store and saw him touch Ms. Smith.

  f. Ms. McEuen heard Store Manager Townsel comment that "he is a lover, not a fighter unless he is beating the pussy up."

  g. Store Manager Townsel showed Ms. McEuen and Ms. Smith a video on his telephone of a woman simulating sex with an object.

h. The unwelcome sexual harassment was sufficiently severe or pervasive to alter the terms and conditions of Ms. McEuen's employment and to create a sexually hostile work environment.

i. Cherelle Willet heard Store Manager Townsel make offensive sexual comments on a daily basis.

j. Ms. Willet heard Store Manager Townsel make demeaning jokes about how women looked in their clothes.

k. Ms. Willet heard Store Manager Townsel tell Ms. McEuen that he wished he "could taste her body and lick her up and down."

l. Ms. Willett also heard Store Manager Townsel state that he "has a big dick and knows how to use it; and he knows how to eat pussy right."

m. Store Manager Townsel showed Ms. Willet a picture of a girl simulating sex with an object.

n. The unwelcome sexual harassment was sufficiently severe or pervasive to alter the terms and conditions of Ms. Willet's employment and to create a sexually hostile work environment.

o. Ms. McEuen contacted another Store Manager, around the fall of 2012 to report Store Manager Townsel's conduct.

p. That Store Manager told Ms. McEuen to contact the District Manager or the Human Resources Department.

q. That Store Manager did not act to report the allegations of sexual harassment presented to her by Ms. McEuen and, on information and belief, took no remedial action.

13. The unlawful employment practices complained of in paragraphs 10 and 12 were intentional.

14. The unlawful employment practices complained of in paragraphs 10 and 12 were done with malice or with reckless indifference to the federally protected rights of Ms. Smith, Ms. McEuen, and Ms. Willet.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining AutoZone, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in harassment and any other employment practice which discriminates on the basis of sex, female.

B. Order AutoZone to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order AutoZone to make whole Ms. Smith, Ms. McEuen, and Ms. Willet by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 10 and 12, in amounts to be determined at trial.

D. Order AutoZone to make whole Ms. Smith, Ms. McEuen, and Ms. Willet by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 10 and 12, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  E. Order AutoZone to pay Ms. Smith, Ms. McEuen, and Ms. Willet punitive damages for its malicious and reckless conduct described in paragraphs 10 and 12, in amounts to be determined at trial.

  F. Grant such further relief as the Court deems necessary and proper in the public interest.

  G. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

        Respectfully submitted,

        P. DAVID LOPEZ
        General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

        s/ Faye A. Williams
        FAYE A. WILLIAMS
        Regional Attorney
        TN Bar No. 11730

        s/ Markeisha Savage
        MARKEISHA SAVAGE
        Trial Attorney
        Tenn. Bar. No. 024693

        EQUAL EMPLOYMENT OPPORTUNITY
         COMMISSION
        1407 Union Avenue, Ste. 900
        Memphis, TN  38104
        Telephone:    (901) 544-0133
        Markeisha.Savage @eeoc.gov